UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JOYCE WATFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:   3:13CV-425-R |
| | ) | |
| JEFFERSON COUNTY | ) | |
| PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. NATURE OF THE CASE

1.      This is an employment discrimination action brought by Plaintiff, Joyce Watford ("Watford"), against Defendant, Jefferson County Public Schools ("JCPS") for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

II.  PARTIES

2.      At all times relevant to this action, Watford resided in Franklin County in the Commonwealth of Kentucky and within the Eastern District of Kentucky.

3.      JCPS, at all relevant times, maintained offices and conducted business in Jefferson County within the geographical boundaries of the Western District of Kentucky.

### III. Jurisdiction and Venue

4.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 29 U.S.C. § 626 and 42 U.S.C. § 2000e-5(f)(3).

5.      Defendant is an "employer" within the meaning of 29 U.S.C. § 630(b) and 42 U.S.C. § 2000e(b).

6.      Dr. Watford was an "employee" of JCPS within the meaning of 29 U.S.C. § 630(f) and 42 U.S.C. § 2000e(f).

7.      Dr. Watford satisfied her obligation to exhaust her administrative remedies, having timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her race, sex, age and retaliation. Dr. Watford has received her Notice of Right to Sue and timely files this action.

8.      A substantial portion of the facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Western District of Kentucky, thus venue is proper in this Court.

### IV. Factual Allegations

9.      Dr. Watford is an African-American female who was born in the year 1953.

10.     JCPS hired Dr. Watford as a Teacher in or about August 1999.

11.     During her employment, Dr. Watford was subjected to adverse terms and conditions of her employment based on her race by the Administrators of the

schools at which she taught. Examples of the harassment and discrimination that Dr. Watford experienced based on her race, include, but are not limited to, the following:

(a) In or about the Spring of 2010, Don Reid, a Caucasian male and Principal at Kennedy, where Dr. Watford taught, told Dr. Watford that she could not use the same restroom that he used.

(b) Principal Reid refused to afford Dr. Watford the same professional respect that he showed other faculty. Watford holds a doctoral degree in Education. When Dr. Watford first met Reid in 2009 and introduced herself, he told Dr. Watford that, at the school, they don't call anyone "Dr." and they had about two or three. Yet, similarly situated Caucasians, such as Dr. Buschmyeir, were referred to with their professional title.

(c) Reid micromanaged Dr. Watford, while other Caucasian faculty were not subject to the same standards and requirements. Reid required Dr. Watford to complete detailed daily lesson plans, complete weekly student disciplinary logs, follow specific protocols for submitting information to Reid's assistant and attend administrative meetings on a daily basis. In addition, Reid would not allow Dr. Watford to discipline Caucasian students and Reid denied Dr. Watford assistance from the security personnel at the school. Similarly situated Caucasian teachers were not treated in a similar manner.

(d) Reid portrayed Dr. Watford in reprimands and E-2s in racial stereotypes rather than on the merits of her actual performance. Meanwhile,

similarly situated Caucasian employees who exhibited similar characteristics and character traits, such as Coach Williams and Dr. Buschmyeir, both Caucasian, were lauded for exhibiting the same character traits.

(e)     Despite her doctoral education and almost fifty years of experience, Reid treated Dr. Watford as a novice teacher who should be subservient to him and other white faculty.  No other Caucasian employee was treated with the disrespect that Dr. Watford experienced with regard to her qualifications and experience.

(f)     Reid and Devon Woodlee, Principal of Westport Middle School, subjected Dr. Watford to discipline for conduct or behavior that was either fabricated or not worthy of discipline. Rather, the discipline was a pretext for Reid's and Woodlee's desire to terminate Dr. Watford's employment because of her race.

(g)     In or about May 2010, Reid inspected a box that Dr. Watford was taking to her car as if she were a thief; however, Reid never treated Caucasian employees in a similar manner.

(h)     Throughout Dr. Watford's employment, she has witnessed other African-American faculty and administrators terminated from employment for similarly fabricated and unjustified reasons.

(i)     Dr. Watford was denied transfers and placements at other more preferable locations whereas similarly situated Caucasian employees did not encounter the same difficulty in getting placed at other schools.

(j)     In or about October 2009, Kelly Thomas, Bookkeeper at Westport Middle School, racially profiled Dr. Watford when she requested that Security

escort Dr. Watford from the building during a visit with her colleagues who taught at that school.  Thomas was not disciplined for her actions.

12.      Throughout her employment, Dr. Watford was subjected to adverse terms and conditions of her employment based on her age. Examples of the discrimination that Dr. Watford experienced based on her age, include, but are not limited to, the following:

(a)      Woodlee suggested that Dr. Watford suffered from memory loss due to her age.  On one occasion, Woodlee would not let Dr. Watford take her summative evaluation down the hall to make a copy because, according to Woodlee, Dr. Watford "loses things".

(b)      In or about the Fall 2008, Woodlee, who was approximately 34 years old, attempted to cite Dr. Watford for insubordination when Dr. Watford commented that she, Dr. Watford, had been teaching longer than Woodlee had been alive.

(c)      In or about August 2010, Anthony Johnson, the Assistant Principal at Kennedy, asked Dr. Watford if she was one of those teachers "who could have retired ten years ago."

(d)      Dr. Watford was never given consideration for other positions in the district that would have given her an opportunity to advance within JCPS. Meanwhile, younger colleagues with similar or less diverse backgrounds were promoted and advanced.  For one example, Dr. Watford applied for a Resource Teacher position at Breckinridge Metro High School; however, her application was

never acknowledged.  A younger, less senior and experienced Caucasian individual was given the position.

(e)      When Dr. Watford sought to participate in the master's school administration program, her principal, Dr. R. Tatum, refused to recommend her because the district, he said, was looking for younger applicants.

15.      Dr. Watford engaged in protected activity during her employment with JCPS.  Specifically, she filed an in-house complaint with JCPS Compliance and Investigation against Jack Jacobs, Principal Breckinridge Metro High School in the summer of 2008 alleging discrimination based on her race and age.

16.      Dr. Watford filed subsequent internal complaints against Kelly Thomas, Reid and Woodlee alleging discrimination based on her race and age during the 2009-2010 school year.

17.      Reid expressed his bias against Dr. Watford the first time he met her on or about September 3, 2009.  During an orientation meeting, when Dr. Watford tried to introduce herself, Reid stated, "I know who you are.  You worked with Jack Jacobs. Anybody who can't get along with Jack Jacobs can't get along with anyone. Jack Jacobs is a good man."

18.      On or about October 13, 2010, Defendant terminated Dr. Watford's employment for alleged insubordination and misconduct. Defendant's stated reasons for terminating Dr. Watford's employment are pretext for discrimination based on her race, age and/or for having engaged in protected activity.

19.     Similarly situated younger individuals, Caucasians and/or those who have not engaged in protected activity have not been terminated under similar circumstances.

20.     Moreover, younger Caucasian individuals, in general, were treated more favorably than Dr. Watford. For example, in or about August 2010, Kim D'Annunzio assaulted a police officer and was not disciplined for her actions. Likewise, Kelly Thomas, in or about Spring 2010, was reported for failing to properly track and maintain receipts for cash that came into the school; however, she was not disciplined as a result of her failure in this regard.

21.     Watford was replaced by a younger, Caucasian teacher. In fact, there were only two non-white faculty members at Kennedy at the time Dr. Watford's employment was terminated. When these two individuals left at the end of the school year, they were also replaced with Caucasian individuals. As such, as of the 2011-2012 school year, the faculty and administrators at Kennedy were all Caucasian, while the student body was predominantly African-American.

## V.  LEGAL ALLEGATIONS

### COUNT I:  AGE DISCRIMINATION

22.     Dr. Watford hereby incorporates paragraphs one (1) through twenty-one (21) of her complaint as if the same were set forth at length herein.

23.     Defendants discriminated against Dr. Watford based on her age.

24.     Defendants willfully and intentionally discriminated against Dr. Watford on the basis of her age in violation of the ADEA.

25.     Dr. Watford has suffered damages as a result of Defendants' unlawful actions.

## COUNT II: RACE DISCRIMINATION

26.     Dr. Watford hereby incorporates paragraphs one (1) through twenty-five (25) of her complaint as if the same were set forth at length herein.

27.     Defendant discriminated against Dr. Watford on the basis of her race.

28.     Defendant willfully and intentionally discriminated against Dr. Watford on the basis of her race in violation of Title VII of the Civil Rights Act of 1964.

29.     Dr. Watford has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: RETALIATION - TERMINATION

30.      Dr. Watford hereby incorporates paragraphs one (1) through twenty-nine (29) of her complaint as if the same were set forth at length herein.

31.     Dr. Watford engaged in protected activity when she made internal complaints about what she reasonably believed to be race and age discrimination.

32.     Defendant retaliated against Dr. Watford by subjecting her to unwarranted discipline and terminating her employment.

33.     Defendant's actions violated the ADEA and Title VII of the Civil Rights Act of 1964.

34.     Dr. Watford has suffered damages as a result of Defendants' unlawful actions.

## COUNT IV: RETALIATION - ARBITRATION

35.     Dr. Watford hereby incorporates paragraphs one (1) through thirty-four (34) of her complaint as if the same were set forth at length herein.

36.     Dr. Watford engaged in protected activity when she filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or about February 24, 2011 alleging, inter alia, discrimination based on race, age and retaliation.

37.     Defendant retaliated against Dr. Watford by halting her grievance proceedings in response to her having filed her charge of discrimination.

38.     Defendant's actions violated the anti-retaliation provisions of the ADEA and Title VII of the Civil Rights Act of 1964.

39.     Dr. Watford has suffered damages as a result of Defendants' unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Joyce Watford, by counsel, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Reinstate Watford to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Watford of front pay in lieu thereof;

2.     Payment to Dr. Watford of all lost wages and benefits incurred as a result of Defendant's unlawful actions;

3.      Payment to Dr. Watford of compensatory damages for Defendants' violations of Title VII and the anti-retaliation provisions of the ADEA.

4.      Payment to Dr. Watford of liquidated damages for Defendant's violations of the ADEA.

5.      Payment to Dr. Watford of pre- and post-judgment interest;

8.      Payment to Dr. Watford of all costs and attorney fees incurred in litigating this action; and

9.      Provide to Dr. Watford any and all other legal and/or equitable relief this court deems just and appropriate.

                                        Respectfully submitted,

                                        BIESECKER DUTKANYCH & MACER

                                        By: /s/ Andrew Dutkanych III
                                        Andrew Dutkanych III (Atty. No. 91190)
                                        411 Main Street
                                        Evansville, Indiana 47708
                                        Telephone:   (812) 424-1000
                                        Facsimile:   (812) 424-1005
                                        Email:          ad@bdlegal.com
                                        *Attorneys for Plaintiff, Joyce Watford*


## DEMAND FOR JURY TRIAL

Plaintiff, Joyce Watford, by counsel, respectfully requests a jury trial for all issues deemed triable.

                                        Respectfully submitted,

                                        BIESECKER DUTKANYCH & MACER

                                        By: /s/ Andrew Dutkanych III
                                        Andrew Dutkanych III (Atty. No. 91190)

411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:           ad@bdlegal.com
*Attorneys for Plaintiff, Joyce Watford*